IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| K.P. ROBERTS and SETH ROBERTS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-2821 |
| | § | |
| LOAN CARE SERVICING, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The plaintiffs, Kou P. Roberts and Seth Roberts, filed an ex parte request for a temporary restraining order. The plaintiffs own a home at 6354 Briar Moss Lane in Katy, Texas. That home secures a mortgage loan issued in April 2007. The plaintiffs made a partial payment in February 2009 and did not make any payments after that. In their complaint, the plaintiffs allege that they began negotiating with Loan Care in May 2009 for a "work out" on their mortgage, unsuccessfully seeking an arrangement to reduce their payment obligations. (Docket Entry No. 2). On August 7, 2009, the plaintiffs received a letter from Cal-Western Reconveyance Corporation notifying them that their mortgage debt was accelerated, that they had 30 days to contest the amount of debt, and that they had a right to obtain written verification of the debt. The plaintiffs also received a letter notifying them that a foreclosure sale would take place on September 1, 2009. On the day of the scheduled foreclosure, the plaintiffs brought this suit asking "the court to intervene in this unjustified foreclosure."

Before issuing a temporary restraining order, a court must find that four conditions are present:

(1)  a substantial likelihood that the plaintiff will prevail on the merits;

(2)  a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted;

      (3)      a showing that the threatened injury to the plaintiff outweighs the potential harm to defendants if the injunction issues; and

      (4)      a showing that issuance of the injunction will not disserve the public interest.

*Anderson v. Jackson,* 556 F.3d 351, 360 (5th Cir. 2009) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572-73 (5th Cir.1974)).

The plaintiffs have not shown that there is a substantial likelihood of success on the merits of any claim. They have not alleged any violation of the law. Instead, their argument is that Loan Care should have come to terms with them on a work out, or accepted an offer from a buyer, or, at least, been more forthright in communicating with them. On the scant facts available, this court cannot find a basis to issue the TRO.

The request for a temporary restraining order is denied.

SIGNED on September 1, 2009, at Houston, Texas.

                                                                              Lee H. Rosenthal
                                                   United States District Judge